# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00108-MR

| | |
|---|---|
| JAMES MAURICE WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary, ) | |
| N.C. Dept. of Public Safety, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment [Doc. 8] on Petitioner's *pro se* Petition for Writ of Habeas Corpus [Doc. 1] pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be denied and dismissed.

## I. PROCEDURAL HISTORY

Petitioner James Maurice Wilson is a prisoner of the State of North Carolina. On November 1, 2016, Petitioner pled guilty to felony larceny having attained habitual felon status in the Superior Court of Catawba

County, with the Honorable Kevin M. Bridges presiding. [Doc. 9 at 1]. Petitioner was represented by Mr. Shell R. Pierce.

The North Carolina Court of Appeals summarized Petitioner's case as follows:

> On 2 February 2015, defendant was indicted for felony larceny, habitual larceny, and possession of stolen goods in 15 CRS 1250, and attaining habitual felon status in 15 CRS 1251. The indictment in 15 CRS 1250 alleged that on 6 October 2014, defendant stole property from Rugged Warehouse, such property having a value of approximately fifty-eight dollars. While the value of the stolen property was less than $1,000, which commonly renders the act a misdemeanor pursuant to N.C. Gen. Stat. § 14-72(a) (2017), defendant was charged with felony larceny because he was a habitual larcenist, having been convicted of at least four larceny offenses. *See* N.C. Gen. Stat. § 14-72(b)(6)(2017); see also State v. Patterson, —— N.C. App. ——, —— n.1, 791 S.E.2d 517, 518 n.1 ("Habitual larceny raises a misdemeanor larceny to a felony if the accused has four prior misdemeanor [or felony] larcenies."), disc. review denied, 369 N.C. 199, 794 S.E.2d 328 (2016). On 1 November 2016, defendant pled guilty to felony larceny and habitual larceny in 15 CRS 1250 and to attaining habitual felon status in 15 CRS 1251. The State agreed to dismiss the charge of possession of stolen goods. The trial court consolidated the convictions for judgment and sentenced defendant in the mitigated range to 77 to 105 months' imprisonment. Defendant gave oral notice of appeal in open court.

State v. Wilson, No. COA17-917, 2018 WL 1802057, at *1 (N.C. App. 2018).

The North Carolina Court of Appeals filed an unpublished opinion on April 17, 2018 affirming Petitioner's conviction and sentence. Id. The appellate court added that Petitioner's appeal from the trial court's judgment was "wholly frivolous." Id. at *2. The Supreme Court of North Carolina subsequently denied and dismissed Petitioner's requests for review. See State v. Wilson, 814 S.E.2d 102 (N.C. 2018) (denying review); State v. Wilson, 833 S.E.2d 625 (N.C. 2019) (dismissing review).

On August 16, 2019, Petitioner filed his *pro se* federal habeas petition in the Eastern District of North Carolina, and the case was subsequently transferred to this Court on August 20, 2019. [Docs. 1, 2]. Respondent filed the instant Motion for Summary Judgment on November 20, 2019, and the Court issued a Roseboro notice on November 25, 2019, advising Petitioner of his right to respond to the Motion. [Docs. 8, 10]. Petitioner filed his response on December 3, 2019. [Doc. 12].

## II. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Thus, to withstand a motion

3

for summary judgment, the non-moving party must proffer competent evidence sufficient to reveal the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246-47 (1986).

In determining whether a "genuine issue of material fact" exists, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Erwin v. United States, 591 F.3d 313, 327 (4th Cir. 2008). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48. Rather, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Thompson v. Carlisle, 364 Fed.Appx. 4, 5 (4th Cir. Feb. 3, 2010) (per curiam). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in the Antiterrorism and

4

Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). The habeas statute at 28 U.S.C. § 2254 articulates that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. Wilson v. Corcoran, 562 U.S. 1, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

The AEDPA, 28 U.S.C. § 2254(d), limits the federal court's power to grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses contained in § 2254(d)(1) are to be given independent meaning—in other words, a petitioner may be entitled to habeas corpus relief if the state court adjudication was either contrary to or an unreasonable application of clearly established federal law. This standard is intentionally "difficult to meet." White v. Woodall, 572 U.S. 415, 419 (2014) (internal quote and citation omitted). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions.'" Id. (quoting Howes v. Fields, 565 U.S. 499, 505 (2012)) (internal quote and citation omitted) (first alteration in original).

A state court decision can be "contrary to" clearly established federal law in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000) (plurality opinion). "And an 'unreasonable application of' [clearly established Federal law] must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 572 U.S. at 419 (quoting Lockyer v. Andrade, 538 U.S. 63, 75–76 (2003)). "Rather, '[a]s a condition for obtaining habeas corpus

6

from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Woodall, 572 U.S. at 419-20 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

## III. DISCUSSION

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a habeas claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). With these principles in mind, the Court turns to Petitioner's grounds for relief.

### A. Habitual Felon Status Claim

In his first claim for relief, Petitioner claims that he is innocent of violating North Carolina's habitual felon statute because "being a declared habitual felon is not an illegal act and is not punishable." [Doc. 1 at 5].

7

Respondent characterizes this claim as an attack on the constitutionality of the habitual felon statute. [Doc. 9 at 3].

The North Carolina General Assembly has expressly approved the offense of attaining the status of habitual felon. See N.C. Gen. Stat. § 14–7.1 et seq. The North Carolina appellate courts have explained that being a habitual felon under this statute denotes a status, and not a crime. Put simply, once habitual felon status is achieved, and the supporting felonies have not subsequently been invalidated, the status is confirmed and allows for a defendant's sentence to be enhanced upon the defendant's conviction for violating state law. See State v. Patton, 342 N.C. 633, 635 (1996) (being a habitual felon is not a crime but rather a status which subjects the defendant to increased punishment for an underlying crime).

The Supreme Court of the United States has repeatedly rejected challenges to enhanced sentences—which are based on a defendant's status as a recidivist offender—on the grounds that such sentences do not violate the ex post facto clause, due process, equal protection, or double jeopardy. See, e.g., Spencer v. Texas, 385 U.S. 554, 559 (1967); Rummel v. Estelle, 445 U.S. 263, 265 (1980).

Petitioner fails to state a claim on federal habeas review because the North Carolina habitual felon statute applies an enhanced sentence based

on a recidivist status, not a discrete "illegal act" as Petitioner suggests. The high standard of review under § 2254(d) requires this Court to uphold state court adjudications unless they are unreasonable applications of the Supreme Court's precedent, and indeed the Supreme Court has rejected challenges like Petitioner's to habitual felon status under state statute. See Woodall, 572 U.S. at 419; Spencer, 385 U.S. at 559. Petitioner's knowing, voluntary, and counseled guilty plea additionally waived his argument of innocence at the trial court level. For the foregoing reasons, Petitioner's claim challenging North Carolina's habitual felon statute is denied.

### B. Ineffective Assistance Claim

In his second claim for relief, Petitioner alleges ineffective assistance of counsel on appeal because "counsel failed to assign as an error defective habitual felon indictment." [Doc. 1 at 7].

Petitioner's claim that his counsel on appeal was ineffective for failing to raise his challenge to North Carolina's habitual felon statute is without merit on federal habeas review. As noted above in ground one, in its opinion the North Carolina Court of Appeals thoroughly discussed the constitutionality and effect of the habitual felon statute in Petitioner's case. Reviewing the case themselves, the three judges of the appellate panel determined Petitioner's claim was without merit under North Carolina law.

9

Petitioner's claim alleging that his appellate counsel improperly failed to challenge the habitual felon statute on appeal does not state a cognizable claim under the deferential standards of Strickland v. Washington, 466 U.S. 668, 687 (1984), and § 2254(d). Consequently, Petitioner's second ground for relief is denied.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion for Summary Judgment is granted, and the Petition for Writ of Habeas Corpus is denied.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.

# O R D E R

**IT IS, THEREFORE, ORDERED** that Respondents' Motion for Summary Judgment [Doc. 8] is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is. **DENIED**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 8, 2020

Martin Reidinger
Chief United States District Judge